968 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Thomas J. LOPEZ, Defendant/Appellant.
 No. 91-2509.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 17, 1992.*
Decided June 29, 1992.
 
 1
 Before CUDAHY, COFFEY, Circuit Judges, and FAIRCHILD, Senior Circuit Judge
 
 ORDER
 
 2
 Thomas Lopez challenges his conviction for possession with intent to distribute heroin. 21 U.S.C. § 841(a)(1). Lopez moved the district court to suppress the heroin, which he argued was the product of an illegal search. The district court refused to suppress, finding that police (1) executed a valid consent search and (2) appropriately searched an automobile with probable cause. We decline to address the first of these grounds but affirm based on the second.
 
 I. BACKGROUND
 
 3
 Lopez negotiated two drug sales with a confidential informant from the Drug Enforcement Administration (DEA). On July 9, 1990, Lopez sold heroin out of his van, removing the drugs from under his gas cap after receiving payment. The DEA visually observed and tape recorded the sale. On August 23, 1990, Lopez was to travel to Bloomington, Illinois to sell the informant more heroin. On that day, the DEA observed Lopez's van traveling from Chicago toward Bloomington and informed the Illinois State Police.
 
 
 4
 Thereafter state police officers Gaither and Snyders, acting without a search warrant, stopped Lopez for a traffic violation. The police obtained consent to search the van and found heroin under Lopez's gas cap.
 
 
 5
 Lopez later claimed that the drugs were illegally seized and requested a suppression hearing. Both Snyders and Gaither appeared at the hearing, as did Agent John Schaefer of the DEA. Lopez did not testify. After hearing the testimony, the district court allowed the heroin into evidence.
 
 
 6
 Lopez then pleaded guilty to possession with intent to distribute heroin. As part of his plea, Lopez reserved the right to contest the search on appeal.
 
 II. ANALYSIS
 
 7
 Although searches conducted without a warrant are presumptively unconstitutional, the law recognizes an exception for searches of automobiles. See United States v. Ross, 456 U.S. 798 (1982). An automobile may be searched without a warrant if police have probable cause to believe it contains contraband. Id. at 825. "Probable cause involves a practical, common sense determination about whether, given all circumstances present, it is reasonably probable that a person has committed or is committing an offense." United States v. Valencia, 913 F.2d 378, 382 (7th Cir.1990).
 
 
 8
 In Lopez's case, the DEA had ample reason to believe that Lopez was committing a drug offense. It had recorded and observed one transaction between Lopez and the informant and learned that Lopez planned another sale in Bloomington. When DEA agents observed Lopez driving toward Bloomington on the scheduled date, they informed the state police.
 
 
 9
 The state officers conducting the search did not need all the information giving rise to probable cause. Id. Once the DEA had probable cause, it could instruct the state police to act on that information. Id. The state police only had to avoid exceeding the scope of the probable cause, which they did. The scope of a search for heroin extends to any area where drugs may be hidden, Ross, 456 U.S. at 821, including under a gas cap.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs